UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALLAN POTTER, | § | |
| | § | |
| Appellant, | § | |
| VS. | § | CIVIL ACTION NO. C-10-386 |
| | § | |
| WILLIAM J. BAILEY, | § | |
| | § | |
| Appellee. | § | |

## ORDER

On this day came on to be considered Appellant Allan Potter's appeal from a final order of the United States Bankruptcy Court for the Southern District of Texas in <u>In re: William J. Bailey</u>, Bankr. No. 08-20227.  Appellant challenges the Bankruptcy Court's Order Approving Compensation and Order Denying Rehearing of Application for Compensation, regarding Appellant Potter's attorney's fees accrued in connection with his representation of Debtor William Bailey.  (D.E. 3-46; D.E. 3-55.)   For the reasons stated herein, the Bankruptcy Court's judgment is VACATED and REMANDED for further proceedings.

**I.     Jurisdiction**

The Court has jurisdiction to hear this bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1), which states that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges . . . ."  A "final" order in a bankruptcy case is any order that "ends a discrete judicial unit in the larger case." <u>Smith v. Revie</u>, 817 F.2d 365, 367-68 (5th Cir. 1987).

## II.    Standard of Review

On appeal, a bankruptcy court's "conclusions of law and mixed law and fact questions are reviewed de novo, while findings of fact are reviewed for clear error." In re McCain, 516 F.3d 301, 307 (5th Cir. 2008); In re Stonebridge Technologies, Inc., 430 F.3d 260, 265 (5th Cir. 2005).  Further, Federal Rule of Bankruptcy Procedure 8013 provides, "[o]n an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013.

## III.    Factual Background

This is a dispute over attorney's fees awarded to Appellant Allan Potter for his representation of Appellee/Debtor William Bailey in Bailey's Chapter 13 bankruptcy proceeding.  Although the parties disagree as to certain relevant facts, much of the factual background is not in serious dispute, and may be summarized as follows.

Appellee/Debtor William Bailey filed Chapter 13 bankruptcy in April 2008, in the U.S. Bankruptcy Court for the Southern District of Texas, the Honorable Richard Schmidt presiding, Petition No. 08-cv-20227.  Bailey hired Appellant Allan Potter in July 2008 to represent him in the Chapter 13 proceeding.  (D.E. 3-5 (original application naming Kenneth Bailey as Debtor); D.E. 3-6 (amended application naming William Bailey as Debtor); D.E. 3-10 (Order to employ Allan Potter as counsel).)   The Application appointing Potter stated an hourly fee of $235 (D.E. 3-6 at 3), though the

parties dispute the actual fee agreement reached. Bailey, through attorney Potter, filed his Chapter 13 Plan on June 18, 2008. (D.E. 3-9.)

Bailey states that he filed the Chapter 13 bankruptcy partially in an effort to stay pending litigation in New Mexico between himself and Vincent DiGregory, a former business associate in an entity known as AIC General Contractors, Inc., while Bailey filed two lawsuits in New Mexico to pursue wrongful termination and oppression of a minority shareholder claims against DiGregory (the "New Mexico litigation").[1] Bailey was represented by attorney Arnold Padilla in the New Mexico litigation. (D.E. 3-7.) DiGregory filed an adversary action in the bankruptcy proceeding on October 14, 2008, stating a claim of $538,000, allegedly owed to him as a result of Bailey's breach of fiduciary duties. (D.E. 3-60.) On February 2, 2009, DiGregory filed a Motion for Relief from Stay, so that he could pursue his lawsuit in New Mexico. (D.E. 3-19.) The bankruptcy court granted this motion.

The New Mexico litigation was eventually settled in October 2009 and May 2010. (D.E. 2-34.) Appellant contends that this case became "unusual" and "complex" by Chapter 13 standards due to the New Mexico litigation, and certain related procedural difficulties. More specifically, Appellant explains that creditors appeared in the

---

[1] As described by the Bankruptcy Court, the Debtor was a party to three lawsuits ("Lawsuits") pending in New Mexico state courts. He was a defendant in <u>Vincent DiGregory, Individually, and Derivatively on behalf of Amity Investments, a General Partnership, Plaintiff v. William J. Bailey, Defendant</u>, Cause No. CV 2005-5724 in the Second Judicial District Court, County of Bernalillo, New Mexico. The Debtor was a plaintiff in two lawsuits styled and numbered as follows: (2) <u>William J. Bailey, Plaintiff vs AIC General Contractors, Inc., a New Mexico Corporation, Paul D. Gaede, Jr., Tiffany B. Gaede, as Officers, Directors and Shareholders, Defendants</u> filed April 14, 2008 and pending in the Second Judicial District Court, County of Bernalillo, State of New Mexico; and (3) <u>William J. Bailey, Plaintiff, v. AIC General Contractors, Inc., a New Mexico Corporation and Paul D. Gaede, Jr., Tiffany B. Gaede and Vincent DiGregory, individually and as Officers, Directors and Shareholders of AIC General Contractors, Inc., Defendants</u> which suit was filed December 22, 2008 in the Second Judicial District Court, County of Bernalillo, State of New Mexico as Cause No. CV-2008-13295. (D.E. 3-30 at 1-2.)

bankruptcy "contesting nearly every proceeding in the case forward." (D.E. 9 at 7.) The bankruptcy plan was confirmed on July 28, 2009. (D.E. 3-28; 3-29; 3-30.)

On October 22, 2008, Potter filed a Bankruptcy Rule 2016(B) disclosure form stating that the parties had agreed to a fixed fee of $3,085, with a prepetition retainer of $726.00. (D.E. 3-14.) In exchange for this fee, Potter agreed to provide the following services:

> (a) Counsel with Debtor on an as needed basis;
> (b) Prepare and file a proposed chapter 13 plan and any required amendments to the plan;
> (c) Prepare and file the required schedules and statements and any required amendments;
> (d) Prepare and file miscellaneous motions required to protect the Debtor's interests in the case;
> (e) Prepare and file responses to motions filed against the Debtor(s) which are routine or uncontested;
> (f) Attend the 341 meeting;
> (g) Attend the confirmation hearing, if required under the circumstances, pursuant to an order entered in the chapter 13 case, or pursuant to local rules;
> (h) Review the Trustee's notice of intent to pay claims for discrepancies in the confirmed plan; [and]
> (i) Advise the Debtor(s) concerning their obligations and duties pursuant to the Bankruptcy Code, Rules, applicable court orders and the provisions of their chapter 13 plan. (D.E. 3-14 at 1.)

The application further noted that the fixed fee agreement did not include these services: "(a) Representation of the Debtor(s) in an adversary proceeding, either as a plaintiff or a defendant; (b) Representation of the Debtors in a contested matter, the subject of which is extraordinary in the contest of chapter 13 cases for this district; (c) Representation of the Debtors in any matter in which the Court orders the fee shifting pursuant to which fees are to be paid by a person other than the Debtors." (D.E. 3-14 at 1-2.) The bankruptcy court approved this fixed fee agreement on November 14, 2008. (D.E. 3-16.)

On June 14, 2010, Potter filed an Application for Allowance of Compensation (the "Fee Application"). Bailey opposed this motion. (D.E. 3-32.) The Fee Application itemized in excess of 121 billable hours, seeking a total of $24,478.23 in fees (a rate of $235 per hour) and $365.48 in expenses. (D.E. 3-32.)[2] Soon thereafter, Bailey terminated Allan Potter as an attorney and indicated his intent to proceed pro se. (D.E. 3-35.) Bankruptcy Judge Schmidt heard the matter on August 2, 2010, and entered an Order Approving Compensation on August 3, 2010. (D.E. 3-46.) This Order forms the basis of this appeal, and provides as follows:

> Upon application of Allan Potter for approval of compensation as for services rendered as attorney in connection with this case and for professional services performed under §327 for this estate, it appearing after notice and hearing, that the said Allan Potter is appointed attorney for the estate, that the services performed required the retention of an attorney, the rates are reasonable, service performed are approved, the case was an exceptional Chapter 13 and such employment was in the best interest of the estate, it is
>
> ORDERED that the request for final compensation for services rendered by Allan Potter, as attorney for the estate, **in the additional compensation amount of $2000.00, or final total compensation of $5085.00** plus filing fee, is hereby allowed as compensation and disbursement is hereby approved. (D.E. 3-46 (emphasis added).)[3]

Potter filed a motion for reconsideration on August 13, 2010 (D.E. 3-47), which the bankruptcy court denied on November 15, 2010 (D.E. 3-55). Potter timely appealed. (D.E. 3-56.) The bankruptcy court entered its discharge order on December 9, 2010. (D.E. 3-58; D.E. 3-59.) Bailey contends that Potter's attorney's fees remain the only unresolved issue in his bankruptcy. (D.E. 10 at 6.)

---

[2] In his brief, Appellant states that his total fees were $27,941.75. (D.E. 9 at 13.)

[3] The bankruptcy court awarded the fixed fee based upon the parties' fixed-fee agreement (D.E. 3-16) and found that no conflicting hourly fee agreement had been proven. The hourly fee agreement was reflected in a June 6, 2008 Amended Application (D.E. 3-6) whereas the fixed-fee agreement was reflected in Potter's Bankruptcy Rule 2016(B) Disclosure and Application for Approval of Fee Agreement, dated October 22, 2008 (D.E. 3-14). Appellant explains that the June 6 fee agreement covered work not included in the fixed-fee agreement. (D.E. 14 at 4-5.)

Appellant appeals the bankruptcy court's order with respect to the "additional compensation" of $2000. In essence, he contends that he is entitled to significantly greater compensation in light of the complex nature of the Chapter 13 case (primarily due to the New Mexico litigation), and the large number of hours he worked (over 120 hours) over the course of two years. Appellant seeks to have the decision reversed and remanded. (D.E. 9; D.E. 14.) Appellee disagrees, disputing both the amount of work Potter performed and the quality of that work. (D.E. 10.)

### IV.     Procedural Background

Appellant filed a notice of appeal on December 2, 2010. (D.E. 1.) Appellant filed his brief on February 2, 2011 (D.E. 9), Appellee responded on February 17, 2011 (D.E. 10) and Appellant replied on February 28, 2011 (D.E. 14). The Court heard oral arguments on March 23, 2011.

### V.      Discussion

####     A.      Applicable Law

On appeal, a court must review "a bankruptcy court's determination of attorneys' fees for abuse of discretion. This abuse of discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions. Consistent with this review, this court reviews a bankruptcy court's conclusions of law de novo. Specific findings of fact are reviewed for clear error." In re Barron, 325 F.3d 690, 692 (5th Cir. 2003) (internal citations omitted).

United States Code, Title 11, Section 330(a) (4)(B) provides, "[i]n a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in

connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." 11 U.S.C. § 330(a)(4)(B). The "other factors" are set out in § 330(a)(3) of the Bankruptcy Code, which states:

> the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3). Section 330(a)(3) includes the factors identified in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 718-19 (5th Cir.1974). The Johnson factors are: 1) time and labor required; 2) novelty and difficulty of the legal questions; 3) the skill required to perform the legal service properly; 4) preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee for similar work in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the clients or the circumstances; 8) the amount involved and results obtained; 9) the experience, reputation, and ability of attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with

the client; and 12) awards in similar cases.  Johnson, 488 F.2d at 717-19; see In re Hernandez, 2007 WL 1886279, at *1 (S.D. Tex. June 29, 2007).

A Chapter 13 debtor's attorney may seek fees on a fixed-fee basis or on a more traditional lodestar basis using the Johnson factors.  The bankruptcy court in the Southern District of Texas has established standardized, "fixed" attorney's fees for routine Chapter 13 bankruptcy cases, to allow the court to award such fees without a detailed fee application or review.  In re Hernandez, 2007 WL 1886279, at *1.  This is established through Southern District of Texas Bankruptcy General Order 2004-5.  Order Regarding Chapter 13 Debtors' Counsel's Fees, General Order 2004-5, available at http://www.txs.uscourts.gov/bankruptcy/ genord/2004/go2004-5.pdf ("General Order 2004-5").

The Fifth Circuit has explained that General Order 2004-5, "provides bankruptcy courts with reasonable attorney time estimates for completing a 'typical' Chapter 13 case and customary rates for Chapter 13 services in the Southern District of Texas, which, when multiplied together, yield a typical lodestar amount of $1737.  This pre-calculated lodestar aids bankruptcy courts in disposing of run-of-the-mill Chapter 13 fee applications expeditiously and uniformly, obviating the need for bankruptcy courts to make the same findings of fact regarding reasonable attorney time expenditures and rates in typical cases for each fee application that they review."  In re Cahill, 428 F.3d 536, 540-41 (5th Cir. 2005) (citations omitted).  One court in this district has summarized the procedures set forth in General Order 2004-5 as follows:

> [General Order 2004-5] allows counsel to be paid on either a fixed-fee basis or an hourly fee basis. General Order 2004-5 used a prospective analysis to set a maximum fixed fee that could be submitted under the streamlined procedures. That analysis resulted in a finding of what was

> reasonable for a typical case. Under General Order 2004-5, if counsel elects to use the fixed-fee arrangement and the fixed-fee arrangement between a debtor and counsel is within a maximum of $2,050 for a "first-out" calculation (for those who are paid out of first-available funds), or $2,460 for shared distribution from the plan (for those who opt to receive their payment out of only a portion of available funds), counsel does not need to file a fee application. Instead, counsel must file the fixed-fee arrangement within 15 days of the petition date, using the form promulgated by the bankruptcy court. See Bankr. Local R. 2016(b) and (c). Failure to file a fixed-fee arrangement within 15 days is a representation that counsel has elected hourly billing as the basis for the fee award.
>
> If counsel elects hourly fee payment, a fee application is required. To file an application for hourly services, counsel must use the form attached to the General Order as "Exhibit B." That form requires an itemized breakdown of the hourly billing and other costs. Counsel must also attach detailed time records, state the basis of the retention, describe any unique issues, and send a copy of the application and attachment to the case manager.

In re Hernandez, 2007 WL 1886279, at *2.  On October 3, 2006, General Order 2004-5 was amended to adjust the pre-calculated lodestar fixed-fee maximum. In Miscellaneous Action 06-00305, 2006 WL 2850115 (Bankr.S.D.Tex.2006), the court increased the fixed-fee maximum amounts and changed the forms required to be used for fixed-fee arrangements.  Under this rule, "[t]he maximum fixed fee that may be charged is $3,085.00," which "includes general expenses, but does not include filing fees."  2006 WL 2850115, at *2.

Under General Order 2004-5, the following activities are covered under a fixed fee:

> (A) Counsel with the Debtors on an as needed basis;
> (B) Prepare and file a proposed chapter 13 plan and any required amendments to the plan;
> (C) Prepare and file the required schedules and statements and any required amendments;
> (D) Prepare and file the miscellaneous motions required to protect the Debtors' interests in the case;

> (E) Prepare and file responses to motions filed against the Debtors – even if the response is a statement that the Debtors do not oppose the relief;
> (F) Attend the § 341 meeting;
> (G) Attend the confirmation hearing, if required under the circumstances, pursuant to an order entered in the chapter 13 case, or pursuant to local rules;
> (H) Advise the Debtors concerning their obligations and duties pursuant to the Bankruptcy Code, Bankruptcy Rules, applicable court orders and the provisions of their chapter 13 plan.

General Order 2004-5 at 23. The fixed fee covers work done only in a period "ending not less than 120 days after confirmation of the debtors' chapter 13 plan," and does not cover work performed in "adversary proceedings" or contested matters. General Order 2004-5 at 10.

### B. Analysis

#### 1. Issues on Appeal

On appeal, Appellant states four issues, all of which generally relate to whether the bankruptcy court erred in awarding him total attorney's fees of $5,085 ($2,000 over the fixed fee of $3,085), instead of the nearly $25,000 Appellant claims to be owed. Appellant subdivides the issues on appeal as follows:

(1) Whether the bankruptcy court erred in announcing that compensation of Debtor's attorney was based only upon the pleading and "what I see in the courtroom" and not what goes on between the debtor and his lawyer, where the estate has excess funds.

(2) Whether the bankruptcy court erred because it awarded inadequate attorney fees to Debtor's attorney without a proper review of supporting evidence, for an estate with excess funds.

(3) Whether the bankruptcy court erred in awarding Debtor's attorney fees without reference to all provisions and exceptions to the fixed fee as provided by the Order Regarding Chapter 13 Debtors' Counsel's Fees of the United States Bankruptcy Court for the Southern District of Texas.

(4) Whether the bankruptcy court abused its discretion in awarding attorney fee to Debtor's counsel.

### 2.   Consideration of Acts Performed Outside Courtroom

Appellant argues that the available evidence before the bankruptcy court disclosed "legal services requests by Bailey that [were] outside of the courtroom." Appellant also notes that his communications and additional work for Bailey were reflected in fee records attached to the fee application form; this evidence demonstrates Appellant's involvement in the adversary proceedings, fee litigation in support in attorney Padilla (in the New Mexico litigation), and activities related to settlement of the New Mexico litigation. Appellant thus contends that these additional services should have been reviewed in awarding his fees. (D.E. 9 at 13-14.) Appellee responds that Potter did not adequately bring all evidence relevant to the fee determination to the bankruptcy court's attention, and disputes Potter's involvement in the more complex aspects of the Chapter 13 bankruptcy. (D.E. 10 at 11-12.)

As an initial matter, Appellant references 11 U.S.C. § 328(a)[4] in arguing that a fee agreement approved by the bankruptcy court can be reduced only if the terms of a fee

---

[4] Section 328(a) provides: "The trustee . . . may employ or authorize the employment of a professional person . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." 11 U.S.C. § 328(a).

agreement were "improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." (D.E. 9 at 10-11.) However, as Appellee properly notes, this Section is applicable only where there is a "fee agreement approved by the bankruptcy court." In re Coho Energy, Inc., 395 F.3d 198, 204 (5th Cir. 2004). In this case, the bankruptcy court held that no such fee agreement beyond the fixed-fee agreement was ever approved, thus rendering Section 328(a) inapplicable.

As noted above, General Order 2004-5 includes certain activities within those covered by the fixed fee (generally those directly related to the Chapter 13 plan itself), but excludes work done more than 120 days after confirmation of the debtors' chapter 13 plan, and does not cover work performed in "adversary proceedings." Thus, an attorney should be entitled to additional compensation for work performed that is not covered by General Order 2004-5. Here, Potter submitted his estimate of his legal fees, applied the twelve Johnson factors, provided an itemized list of charges, and other relevant information. (D.E. 3-32; D.E. 3-63 at 1-9.) Bailey, vigorously opposed to Potter's request for approximately $25,000 in fees, presented his response on July 22, 2010 in which he disputed Potter's estimation of his fees and conducted his own analysis of the Johnson factors. Notably, he contended that Potter played almost no role in the New Mexico litigation, and was "unprofessional, negligent, and incompetent" throughout the representation. (D.E. 3-42.) It is unclear what work, if any, Mr. Potter did with respect to the adversary action. In fact, the record demonstrates that Appellee was in danger of default in the adversary action because Potter did not file an answer on his behalf, and rather Appellee had to do so pro se. (D.E. 3-61.)

The Court cannot, however, meaningfully review the bankruptcy court's decision in this case. The written decision is quite short, and it does not explain the judge's reasoning in awarding only $5,085 in fees when the amount requested was nearly $25,000. The judge's reasoning as stated on the record at the hearing was also quite terse.[5] In this regard, the Court cannot fully determine what the bankruptcy judge meant when he said that fees were limited to "what I see in the courtroom," and whether in fact he based his ruling only upon Mr. Potter's court appearances. On the record before it, the Court cannot determine what factors or considerations the bankruptcy judge took into account in arriving at such a drastically reduced amount of attorney's fees as compared to that requested.

The Court briefly considers the other issues at stake in this litigation before rendering its decision.

### 3. Exceptions to General Order 2004-5

Similar to his arguments above, Appellant contends that he should be compensated on an hourly basis for contested matters, which include "objection to [a] $600,000 claim [related to the New Mexico litigation], [a] motion to consolidate discharge adversary and claims, motion for relief relating to 3 New Mexico lawsuits that overlapped into the court below, objections to confirmation, to compromise, [and] fee application of Padilla." (D.E. 9 at 15.) This also includes fees for events occurring after November 21, 2009 (120 days after confirmation), which Appellant estimates exceeded

---

[5] Judge Schmidt explained: "I am not convinced that there was any specific contract one way or the other so I am just going to follow the normal rule, and it seems to me that under the circumstance of this case there were things that happened over and above the general representation that Mr. Potter had, but I am not going to approve what he has requested, I am going to approve an additional $2,000 for attorney's fees over and above the 3,085, and that will be my order." (D.E. 14-5 at 3.)

46 hours, or $10,810. (D.E. 9 at 15.) Appellant argues that the bankruptcy court erred in not considering these factors.

Once again, Appellant is correct as a matter of law that the fixed-fee does not cover any work he performed outside the scope of that listed in General Order 2004-5. However, the record below does not offer a sufficient indication as to whether the bankruptcy court properly considered that work in determining the fee. A review of the record demonstrates the bankruptcy court's recognition that "there were things that happened over and above the general representation that Mr. Potter had," (D.E. 14-5 at 3) but it is unclear why the bankruptcy court either disregarded or discounted those other activities. It is thus not clear whether bankruptcy court in fact considered Mr. Potter's services, or used the proper legal standard.

### 4. Whether the bankruptcy court abused its discretion in awarding attorney fee to Debtor's counsel

Summing up his arguments, Appellant concludes that the bankruptcy court abused its discretion in awarding inadequate attorney's fees, and failed to consider transactions between the parties occurring outside of court. (D.E. 9 at 16.) Appellee again disagrees. (D.E. 10 at 13.)

As explained above, a bankruptcy judge's determination of attorney's fees is subject to review for abuse of discretion, but upon the record before it, the Court cannot make such a review. There is little evidence as to the factors the bankruptcy court considered in arriving at its fee of $5,085 (only $2,000 above the fixed fee) when presented with a bill of nearly $25,000. It is not clear whether the bankruptcy court, for example, concluded that Appellant did not perform the work for which he billed, whether

the quality of his work did not warrant the fee charged (as Appellee appears to contend),[6] or whether legal error led to the final decision. Remand is appropriate where an appellate court is "uncertain about the rationale for the [lower] court's decision." Thule Drilling ASA v. Schimberg, 290 Fed. App. 745, 747 (5th Cir. 2008); see Lebron v. United States, 279 F.3d 321, 329 (5th Cir. 2002); Rutherford v. Harris County, Tex., 197 F.3d 173, 188 (5th Cir. 1999) ("[Plaintiff] has cited no place in the record, and we have found none, where the district court set out its reasoning. We must therefore vacate . . . and remand for further proceedings on this issue.").

The Court, therefore, must remand this action to the bankruptcy court pursuant to Federal Rule of Bankruptcy Procedure 8013. Fed. R. Bankr. P. 8013 ("On an appeal the district court . . . may . . . remand with instructions for further proceedings."). On remand, the bankruptcy court must make specific factual findings in support of its award of attorney's fees to Mr. Potter. In other words, the bankruptcy court must explain how it arrived at its award of $5,085 in attorney's fees to Appellant Potter.

---

[6] The record reflects that Appellee was entirely displeased with Potter's work. Appellee explains that Potter's representation did not occur "without unnecessary delays, constant threats of dismissal and finally a near fatal dismissal." (D.E. 10 at 13.) Appellee states that he "did not receive competent and professional services from Allan L. Potter," and he was in fact "negligent and unprofessional in representing [Bailey] in this matter causing [Bailey] to suffer substantial damages." He also notes that the Chapter 13 bankruptcy was successful "not because of Allan L. Potter but despite him," and that Potter "is not entitled to any additional fees . . . because of his poor performance in representing [Bailey] in this matter." (D.E. 3-40 at 1-2, 11.) The bankruptcy judge, familiar with this matter, was in the proper position to evaluate Potter's request for attorney's fees. The bankruptcy judge stated, for example, that "Mr. Potter appeared sometimes in the adversary, sometimes Mr. Bailey represented himself in the adversary." (D.E. 14-5 at 2.) He also stated, "Mr. Bailey is not the typical Chapter 13 debtor. Quite honestly, I would have to say that he **did a better job than, representing himself than not this lawyer but a lot of lawyers that we have** . . . . he was not ineffective in representing himself." (D.E. 14-5 at 2 (emphasis added).) Nevertheless, the bankruptcy judge does not indicate whether the quality of Mr. Potter's services factored into his decision.

## VI. Conclusion

For the reasons stated above, the Court VACATES the Bankruptcy Court judgment (D.E. 3-46; D.E. 3-55) and REMANDS this action for further proceedings consistent with this opinion.

SIGNED and ORDERED this 23rd day of March, 2011.

                                                      Janis Graham Jack
                                                    United States District Judge